498

 

GEO. B. SMITH CHEMICAL WORKS, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1931.*

EVAN L. SEARCY, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is asking an award for the sum of $6,185.05 balance alleged to be due it for repair work done on buildings at the Lincoln State School and Colony at Lincoln in 1928. Claimant's total bill for the work done was $16,170.69 all of which was paid except the bills for resurfacing floors for which payment was not made, because the work was improperly done. The record does not disclose whether or not claimant had a written contract for this work but it does show no bid was submitted by it and that the work was not let to the lowest responsible bidder as the statute plainly requires. When claimant undertook to do the work it was bound to do it in a good workmanlike manner. The evidence of claimant shows conclusively that it did not so perform the work of repairing the floors and that it knew it was not doing such work in a proper manner. It seeks to justify its failure in that regard by saying the officials in charge of the school were urging it to complete the work as quickly as possible. There is no evidence, however, that these officials ever urged or requested the work to be done in an improper manner. But even had they done that claimant would not have been justified in following their directions for they had no power or authority to say how the work should be done. The statute specifically provides that the Department of Purchases and Construction shall have the supervision and control of the construction and repair of all buildings belonging to the

State. Claimant was fully aware of this provision of the law and knew the superintendent of the school had no control over the manner in which the work should be done.

The evidence shows that it will cost between $800.00 and $1,500.00 to make the repairs necessary to put the floors in the condition in which claimant should have left them. The cost of doing that should be borne by claimant. We think $1,000.00 is the probable cost of that work and will deduct that sum from claimant's demand.

It is therefore ordered that claimant be awarded the sum of $5,185.05.